CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2012 JUN 19 PM 3:12

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EDWARD J. COLEMAN, JR.,<br>TDCJ No. 592708,<br>　　　　Plaintiff,<br><br>v.<br><br>UNKNOWN DEFENDANTS,<br>　　　　Defendants. | Civil No. 7:12-CV-090-O-BL |

## REPORT AND RECOMMENDATION

On June 15, 2012, Plaintiff submitted a notice to the Court stating that "... the complaint which was [filed is] not a law suit ... I'm not filing a law suit." Rather, Plaintiff asks the Court to initiate a federal investigation into prison food service practices which he believes are unlawful.[1] Plaintiff is hereby put on notice that this Court does not initiate federal investigations. If he seeks an investigation into alleged unlawful conduct, Plaintiff should contact the appropriate law enforcement agency. Plaintiff's notice is hereby construed as a request for dismissal of the case. Review of the Clerk's docket sheet reflects that no Defendant has been served or made an appearance in this action.

For the foregoing reasons, I recommend that Plaintiff's request for dismissal be GRANTED and that this case be DISMISSED without prejudice pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.

---

[1] Plaintiff is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. His original complaint includes claims of murder of inmates by guards, mail tampering, denial of food, and abuse by predatory offenders. The complaint was properly docketed as a civil rights action by the Clerk of Court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 18th day of June, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE